**GI MALALA and PULU TALALOTU**
**(for the Mauga family and Gi family), Plaintiffs,**

**v.**

**AMERICAN SAMOA GOVERNMENT, Defendant.**

High Court of American Samoa
Land and Titles Division

LT No. 10-01

November 29, 2001

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiffs, Marshall Ashley and Jeffrey Waller

For Defendant, Fiti A. Sunia, Acting Attorney General, and
Tala Uiagalelei, Assistant Attorney General

## ORDER DENYING MOTION FOR
## RECONSIDERATION OR NEW TRIAL

Plaintiffs have moved for reconsideration or a new trial with respect to the Court's Opinion and Order rendered on October 17, 2001. Plaintiffs submitted a memorandum of points and authorities; defendant did not. The Court heard oral arguments on November 16, 2001. The motion will be denied, based on the following discussion.

### Discussion

1. Apparently, plaintiffs and defendant are confused over the significance of the level of permission, or acquiescence, plaintiffs granted for use of the land in question. Plaintiffs have made much ado about the lack of permission, or mere acquiescence, granted, while defendant has argued that permission was actively given or clearly implied. Neither party clearly recognized that a lack of permission would strengthen defendant's position—and our holding—that use of the roadbed beyond the original condemnation has resulted in a prescriptive easement.

■ Concerning plaintiffs' first point of argument, we did not hold that the owners of Gagamoe dedicated their lands. We held that the roadbed was originally taken by condemnation. To the extent this use has been altered or broadened, the land has been taken by prescription. We cited *Swift v. Kniffen*, 706 P.2d 296, 301 (Alaska 1985), for the proposition that plaintiffs cannot refute this taking by showing acquiescence—plaintiffs must establish they positively gave permission to refute prescription. Counsel has missed the point by reversing our use of *Swift*.

2. Plaintiffs have argued that we erred in finding the sidewalk was a reasonable alteration of a previously established right of use.

■ Altering a prescriptive easement is not permitted where it increases the burden on the servient estate. However, an increase in the amount of traffic on a roadway (or people on a sidewalk) is not an increased burden. *See* 25 AM. JUR. 2D *Easements and Licenses* § 931 cases at n.39 (1996). An alteration which affects a change not in the kind of use, but merely in the degree of use, is not an increased burden. *Id.* at § 96.

■ The sides of the roadway in this case have been used as a walking thoroughfare long enough to establish a prescriptive right of use. Whether use of the exact location of all parts of these walkways was acquired as part of the original condemnation, by prescription, or by

other means, the use of the sides of the road as a walkway has been established. A right of way by prescription is bounded by reasonable enjoyment, but it carries with it such incidents as are necessary for that reasonable enjoyment. *Id.* at § 93. Surely, a sidewalk that provides safety for the people using this walkway is an incident necessary to reasonable enjoyment. Lack of safety where safety can be provided is unreasonable.

■ 3. Plaintiffs have raised procedural challenges to our decision. Plaintiffs argue that the proper immediate remedy for the lack of a Certificate of Irreconcilable Dispute from the Secretary of Samoan Affairs would be a stay of proceedings until completion of the dispute resolution process before the Secretary. This step is ordinarily utilized in such situations.

However, plaintiffs' original request for injunctive relief preventing construction of the sidewalk was followed, at the time of the hearing on the application for a preliminary injunction, by their request for removal of the sidewalk. This modification required full consideration of the property rights involved for both preliminary and permanent injunction purposes. The issue was ripe for trial. Appropriately, we consolidated the preliminary injunction hearing with the trial, and received evidence that fully developed the property rights issue.

Based on the evidence presented, we determined the property rights issue in defendant's favor. As a result, plaintiffs failed to establish entitlement to the relief they sought for purposes of both a preliminary injunction and ultimate disposition. The posture of the case called for a final decision by dismissal on the substantive ground of defendant's property interests. *See, e.g., Sialega Family v. Tui*, LT No. 19-87, slip op. (Land & Titles Div. Aug. 4, 1987). Waiting, at this point, for an administrative certificate would have been a disservice to all parties involved as an unnecessary delay.

### Order

Plaintiffs' motion for reconsideration or new trial is denied.

It is so ordered.